**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARCIA THOMAS,**

> **Plaintiff,**

**vs.**                                                    **Case No. 4:25cv027-MW-MAF**

**REVELL LAWRENCE,
and GAVIN LARRMORE,**

> **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

Pro se Plaintiff Marcia Thomas was recently granted leave to proceed
in forma pauperis, and directed to file an amended complaint.  ECF No. 4.
Plaintiff's amended civil rights complaint, ECF No. 5, has been filed and
reviewed to determine if it properly identifies the factual basis for Plaintiff's
claims and is sufficient to state a claim such that service should be
directed.

Notably, both Defendants are sued in their individual and official
capacities.  ECF No. 5 at 6.  That is redundant and not proper.  As Chief of

Police, Defendant Revell[1] *could* be sued in his official capacity if he is

deemed to be "the final policymaker" for the Tallahassee Police

Department.   However, Defendant Larrmore, as a Police Officer, would not

have authority to create or establish policy.  At any rate, because official

capacity suits generally represent simply another way of pleading an action

against the entity of which the officer is an agent, *see* <u>Kentucky v. Graham</u>,

473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) and

<u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L.

Ed. 2d 611 (1978), an official capacity claim against two employees of the

same entity is redundant and cannot proceed.

Another deficiency with Plaintiff's amended complaint is that the

incident at issue in this case[2] took place "[o]n or about October 10, 2019,"

---

[1] Judicial notice is taken that this Defendant's name is Lawrence E. Revell.

[2] Plaintiff has recently filed numerous cases in this Court: (1) case number 4:24-cv-00380-MW-MAF was filed on 09/20/24 and closed on 01/10/25; (2) case number 4:25-cv-00009-MW-MAF was filed on 01/07/25; and (3) case number 4:25-cv-00098-AW-MAF was filed on 03/04/2025.  Furthermore, judicial notice is taken that Plaintiff filed case number 4:21-cv-00111-MW-MAF which was dismissed for failure to state a claim.  ECF No. 24 of that case.  Notably, Plaintiff brought a claim against Defendant Larrmore in that case, although his name was then spelled "Gavin Larremore."  Plaintiff claimed he had been "gang stalking" her since 2019.  ECF No. 20 at 8.  It would appear that the same general allegations were presented against him and, in that event, this case would be barred by res judicata as far as it pertains to Plaintiff's claims against Defendant Larrmore.  Indeed, at this point, this is at least Plaintiff's third case brought against Defendant Larrmore.  This should be the last.

Case No. 4:25cv027-MW-MAF

when Plaintiff called for law enforcement protection.  ECF No. 5 at 10.  She

alleged that Defendant Larrmore arrived, but "used excessive force"

against her by preventing her from closing the door and seeking safety.  *Id.*

He then retaliated by stalking and slandering her, causing Plaintiff physical

and emotional harm.  *Id.*  When Plaintiff complained, Defendant Revell

failed to investigate and covered up the incident.  *Id.* at 10-11.  She also

contends that the Defendants "made racially discriminatory statements

against Plaintiff, in violation of her right to equal protection under the law."

*Id.* at 11.

Having reviewed Plaintiff's amended complaint, it is apparent that this

case should not be served on the Defendants.  First, Plaintiff initiated a

prior case in this Court in September 2024 - case number 4:24cv380-MW-

MAF.  That case was brought against Sheriff Walter McNeil, Tallahassee

Police Department Chief Revell Lawrence, the Leon County Sheriff's

Office, the Tallahassee Police Department, and Deputy Gavin Larrmore,

among a multitude of others.  *See* ECF Nos. 15, 18 (Plaintiff's proposed

third amended complaint).  Those are the Defendants named in this case.

ECF No. 1.  A Report and Recommendation, ECF No. 16, was entered to

dismiss case number 4:24cv380 because Plaintiff's complaint failed to

state a claim.  That recommendation was adopted, over Plaintiff's

objection, ECF No. 23, and the case was dismissed on January 13, 2025.

The Order of dismissal provided: "If Plaintiff wishes to pursue her more

targeted claims,[3] she must do so by filing a proper complaint under a new

case number."  ECF No. 24 at 2.  This case was initiated just four days

later, on January 17, 2025, but even though Plaintiff has limited her claims

to only two Defendants, Plaintiff has still not provided sufficient facts to

show that those Defendants violated her constitutional rights.

Plaintiff asserted a claim for "failure to investigate" against Defendant

Revell.  ECF No. 5 at 11.  As Plaintiff was advised previously, there is

"federal or state court decision, statute, regulation or other source of law

that gives [a citizen] an entitlement to an internal investigation by [a]

Sheriff's Office [or Police Deparment] of her complaints of police brutality."

Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding plaintiff did

not have either a substantive or procedural due process claim under §

1983 for "failure to investigate").   Because Plaintiff does not have a

---

[3] An Order entered by Chief United States District Judge Mark E. Walker, but later vacated, noted that Plaintiff had attempted to file an amended complaint but had not been given leave to do so.  ECF No. 21.

constitutional right to an investigation, her rights are not violated if no investigation is conducted.

As for the other claims raised against the Defendants, Plaintiff's amended complaint alleged that the events took place in October 2019. ECF No. 5 at 10.  That date is more than four years prior to case initiation. Plaintiff is advised that the statute of limitations for a § 1983 action in federal court is governed by the forum state's general personal injury statute of limitations.  Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)).  Florida observes a four year personal injury statute of limitations.  See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3).  Given that Plaintiff's claims are based on events from October of 2019, they are barred by the statute of limitations.  There is no need to serve the amended complaint and this case should be dismissed.

Finally, review of Plaintiff's amended complaint reveals it is insufficient to show her federal constitutional rights have been violated. She complains about discriminatory comments having been made, but there are no facts alleged which reveal that her rights under the Equal

Protection Clause were violated.  Plaintiff has not shown that she was treated differently than other persons or denied rights and privileges because of her race, much less shown that she was subjected to intentional or purposeful discrimination.  "Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 264-265 (1977). Plaintiff's amended complaint presents nothing more than a conclusory allegation of an equal protection violation, ECF No. 5 at 10, and conclusory allegations are insufficient to state a claim.  Indeed, all allegations pertaining to excessive force, retaliation, and conspiracy are conclusory and, therefore, insufficient.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 5, be **DISMISSED** for failure to state a claim and because the claims are barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on March 7, 2025.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.